IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CV-18-D

| | | |
|---|---|---|
| MICHELE RICOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE STANDARD FIRE INSURANCE | ) | |
| COMPANY, ONE OF THE TRAVELERS | ) | |
| PROPERTY CASUALTY COMPANIES, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on a motion (D.E. 21) by defendant The Standard Fire Insurance Company ("defendant") for issuance of a subpoena *duces tecum* to the Army and Air Force Exchange Service ("Exchange Service"). Defendant filed a memorandum (D.E. 22) and several exhibits (D.E. 21-1 through 21-3) in support of the motion. Plaintiff did not file a response, and the time within which to do so has expired. The motion was referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the motion will be denied.

## BACKGROUND

This case arises from defendant's denial of plaintiff's claim under an insurance policy applicable to her home following a break-in and robbery there on or about 15 December 2008. (*See generally* Compl. (D.E. 1-3) ¶¶ 5-30). In her claim, plaintiff sought recovery for certain items allegedly stolen, damaged, or destroyed during the robbery. (*Id*. ¶¶ 7, 12). On the basis of plaintiff's representation to defendant that some of the items were purchased at the Exchange Service (*see* Mot. ¶ 4), defendant's counsel issued a subpoena *duces tecum* dated 10 January 2013

from the Northern District of Texas to the "Exchange Credit Program" in Dallas, Texas for "[a]ny and all records evidencing purchases made by [plaintiff] using her Military Star credit card or account from January 1, 2000 to January 1, 2009." (10 Jan. 2013 Sub. (D.E. 21-1) 2).[1] The subpoena specified that the documents were to be produced at defense counsel's office in Greensboro, North Carolina on 15 January 2013. (*Id.*)

The Exchange Service responded to the subpoena by letter stating that it could not provide the information sought because the subpoena did not comply with federal law[2] in several respects, including its not having been signed by a "judge or magistrate," that is, a district judge or magistrate judge. (15 Jan. 2013 Letter (D.E. 21-2) 2).[3] Defendant submitted with its motion a proposed subpoena that it requests be signed by a judge of this court.[4] (Proposed Sub. (D.E. 21-3) 2).

## DISCUSSION

As with the original subpoena, the proposed subpoena directs that the specified documents be produced in Greensboro, North Carolina. (*Id.*). Rule 45(a)(2)(C) expressly provides that a subpoena for production or inspection of documents must issue "from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). Greensboro, of course, lies in the Middle District of North Carolina, not this district, the Eastern District of North

---

[1] Page citations are to the page numbers assigned by the court's CM/ECF electronic filing system.

[2] In support of its contention that the subpoena needs to be signed by a district judge or a magistrate judge, the Exchange Service cites the Privacy Act, 5 U.S.C. § 552a in addition to several military regulations. The section of the Privacy Act specifying the circumstances, absent written consent, in which disclosure may occur does not include disclosure pursuant to a subpoena. *See* 5 U.S.C. § 552a(b). However, it does expressly provide that an agency can disclose covered records, such as the financial transaction records involved here, "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11).

[3] The first page of the letter cited appears after the second page.

[4] Notwithstanding the request that the proposed subpoena be issued from this court, it does not contain this court's caption, but that of the Northern District of Texas, the court from which the original subpoena was issued.

Carolina. Consequently, this court lacks the authority to issue the proposed subpoena. *See, e.g., j2 Global and Advanced Messaging Tech., Inc. v. Bank of America Corp.*, No. 3:12-mc-00134-GCM, 2012 WL 5198367, at *2 (W.D.N.C. 19 Oct. 2012) (holding that a subpoena was facially invalid where it sought documents to be produced outside of the jurisdiction of the issuing court).[5]

The proposed subpoena suffers from another manifest defect: it could not properly be served in Texas.[6] Rule 45(b)(2) provides that service must be made at a place:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2)(A)-(D). The options listed in subsections (A) through (C) would not permit a subpoena issued by a North Carolina federal court to be served in Texas, and defendant

---

[5] Defendant assumes without discussion that a judge may appropriately sign a subpoena (as opposed to an order for production), although Rule 45(a)(3) expressly provides for issuance of subpoenas by only the clerk and attorneys. The court need not resolve the issue given disposition of defendant's motion on other grounds.

[6] Defendant left blank the space in the proposed subpoena for identifying the name and address of the entity to which the subpoena is directed. (*See* Proposed Sub. 2). While defendant's motion makes clear that the intended recipient is the Exchange Service, the letter the Exchange Service sent in response to the original subpoena provides two addresses for it in Dallas, Texas. (15 Jan. 2013 Letter 2). Thus, it is not clear to which address defendant intended the proposed subpoena be sent.

3

has not demonstrated that there is good cause for service under any federal statute as provided in subsection (D).[7]

## **CONCLUSION**

For the foregoing reasons, defendant's motion (D.E. 21) is DENIED.

SO ORDERED, this the 20th day of March 2013.

_____
James E. Gates
United States Magistrate Judge

---

[7] The court notes that there are multiple misspellings in the proposed subpoena which, irrespective of the other deficiencies discussed, would preclude its issuance in the form proposed.

4