IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-18-D

| | | |
|---|---|---|
| MICHELE RICOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE STANDARD FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

On February 19, 2013, The Standard Fire Insurance Company, One of the Travelers Property Casualty Companies ("Standard Fire"), filed a motion for summary judgment and a supporting memorandum [D.E. 23, 24]. Michelle Ricoma ("Ricoma") sought and obtained multiple extensions of time to respond, but failed to file a response in opposition by the final deadline of June 19, 2013. See [D.E. 34].

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should

determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249–50. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Ricoma seeks relief for breach of the covenant of good faith and fair dealing, bad faith in handling and denying an insurance claim, unfair and deceptive trade practices, and breach of contract. However, the record reveals no genuine issue of material fact, and no reasonable jury could find in favor of Ricoma on any of these claims. Moreover, the undisputed record demonstrates that Ricoma violated the "Concealment and Fraud" provisions of the governing insurance policy. Thus, Standard Fire properly denied coverage. Accordingly, Standard Fire is entitled to summary judgment on Ricoma's claims.

In sum, the court GRANTS Standard Fire's motion for summary judgment [D.E. 23], and Ricoma's claims are DISMISSED with prejudice. The clerk shall close the case.

SO ORDERED. This 30 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge